IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **CARMEN GUTIERREZ** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 5:20-cv-656 |
| **VUTEX, INC.** | § | |
| | § | **Jury Requested** |
| **Defendant.** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Carmen Gutierrez ("Plaintiff" herein) brings this lawsuit, presently asserting a claim under the Fair Labor Standards Act ("FLSA") against Defendant VUTEX, INC. and in support thereof shows as follows:

**I.     NATURE OF SUIT**

1. The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less that one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

2. Defendant violated the FLSA by failing to pay Plaintiff for all hours and overtime hours worked. Plaintiff was not compensated at the rate of time and one-half her regular rate of pay when she worked over 40 hours per week, as required by law.

## II.   PARTIES

3. Plaintiff Carmen Gutierrez is an individual who was employed by Defendant within the meaning of the FLSA.  She hereby consents to be a party in this action.

4. Defendant VUTEX, INC. ("Vutex" or "Defendant") is a Texas domestic corporation doing business in San Antonio, Bexar County, Texas and can be served with process through its registered agent: Jeff J. Horn, Jr. 325 N. St. Paul Street, Suite 4400, Dallas, Texas 75201. However, a waiver of service will first be requested from Defendant.

## III.   JURISDICTION AND VENUE

5. This Court has jurisdiction over the claim because Plaintiff has asserted a claim arising under federal law.

6. Venue is proper in the Western District of Texas because the events forming the basis of the suit occurred in this District.

## IV.   COVERAGE

7. At all material times, Defendant has acted directly or indirectly in the interest of an employer or joint employer with respect to Plaintiff.

8. At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

9. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

10. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that

said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated). CGT produces coated fabrics and films for automotive and industrial applications and operates a manufacturing facility in New Braunfels, Texas, where Plaintiff Renfroe is employed.

11. At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## V. FACTUAL ALLEGATIONS

12. Defendant Vutex Inc., is a Tier-One supplier which assembles numerous components for the Toyota Tundra and Tacoma trucks at Toyota's manufacturing facility in San Antonio, Texas. Vutex, Inc. employs over 900 people in San Antonio, TX and operates a 300,000 sq. ft. facility within the Toyota Manufacturing Plant, in conjunction with an on-site 38,000 sq. ft. satellite glass sub-assembly facility. It is asserted Defendant does more than $500,000.00 per year in gross revenues.

13. Plaintiff was employed by Defendant as a human resources department employee and worked under at least three supervisors. She began working at the company in approximately September 2015Process Engineer and was regularly scheduled to work 40 or more hours in a work week for Defendant. She was terminated on or about May 13, 2020. She was paid as a salaried employee and generally worked at least 5 hours of overtime per week yet was not paid for overtime hours worked. In addition, she often worked during her lunch hour but was not paid for that time worked.

14. She could not hire and fire and her job duties were not subject to any exemption. As a result, paying her salary was improper. She did not agree that the salary would cover all hours worked nor can Defendant provide any such agreement.

15. Plaintiff was not properly paid for all the time and overtime hours that she worked. Rather, she was generally paid a salary rate. Plaintiff Gutierrez was not paid proper overtime for at least 5 hours per week at a rate of time and a half for each overtime hour worked. Based on monthly pay of approximately $3,810.00 at the time of her termination, and an estimated hourly rate of at least $23.81, she would be entitled to an average overtime rate of $35.71 hourly and recovery of approximately $178.57 per week in unpaid overtime, an estimate of $9,285.64 in unpaid overtime per year. It is contended that the FWW formula does not apply in this instance as there was no demonstrable mutual agreement between Plaintiff and Defendant that Plaintiff would be paid a fixed weekly salary regardless of the number of hours worked.

16. It is contended that Plaintiff Gutierrez and other similar employees in her position were mis-classified and that she should have been paid an hourly rate pursuant to the FLSA and Department of Labor guidance. Her position should be non-exempt because her work involves "the day-to-day carrying out of the employer's business" and thus falls "squarely on the production side." Her position was simply a cog in an assembly line as referenced in applicable caselaw.

17. Under the FLSA, Ms. Gutierrez would be entitled to recovery of an estimated $9,285.64 in unpaid overtime per year and a like amount of $9,285.64 in liquidated damages for each respective year. She would be entitled to recovery of at least two years of unpaid overtime and liquidated damages and three years of recovery if the court finds that the conduct of the employer violating the FLSA is willful. Estimating a recovery for three years of unpaid overtime from 2017 to the present, Ms. Gutierrez would be entitled to recovery of an estimated $55,713.84 in unpaid overtime and liquidated damages.

18. It is contended Defendant knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff.

## VI. CAUSE OF ACTION: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

19. During the relevant period, Defendant has violated and is violating the provisions of Sections 6 and 7 of the FLSA, 29 U.S.C. §§ 206-7, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed. Defendant has acted willfully in failing to pay Plaintiff in accordance with the law.

**20.** Plaintiff further seeks mandatory attorneys' fees as provided under the FLSA. *See Hilton v. Executive Self Storage Assocs., Inc.*, 2009 U.S. Dist. LEXIS 51417, *27 (W.D. Tex. June 18, 2009) ("Fee awards are mandatory for prevailing plaintiffs in FLSA cases.") (29 U.S.C. section216 (b)).

## VII. RELIEF SOUGHT

21. WHEREFORE, cause having been shown, Plaintiff prays for a trial by jury and judgment against Defendant as follows:

    a.    For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff; and

    b.    For an Order awarding Plaintiff the costs of this action;

    c.    For an Order awarding Plaintiff attorneys' fees as provided under 29 U.S.C. section 216 (b); and

    d.    For and Order awarding Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law; and

e. For an Order granting such other and further relief as may be necessary and appropriate.

**Respectfully Submitted,**

 /s/ Adam Poncio
**ADAM PONCIO**
**State Bar No. 16109800**
**salaw@msn.com**
**ALAN BRAUN**
**State Bar No. 2405488**
**abraun@ponciolaw.com**

**PONCIO LAW OFFICES**
**A Professional Corporation**
**5410 Fredericksburg Road, Suite 109**
**San Antonio, Texas 78229-3550**
**Telephone:(210) 212-7979**
**Facsimile:(210) 212-5880**

**ATTORNEYS FOR PLAINTIFF**